## ESTATE OF A. A. JENNINGS, Deceased.

[No. 8,962, former Probate Court; decided Nov. 22, 1883.]

Administrator's Sale—Advance Bids and Resale.—When, upon the hearing of a return of an administrator's sale of personal property, the purchaser increases his bid from $3,000 to $5,000, it is manifest that the price obtained is greatly disproportionate to the value of the property; and in such case the court will refuse confirmation of the sale, and will order a new sale to be had under circumstances calculated to bring the utmost value of the property.

In this case, on the nineteenth day of July, 1882, Barbara Jennings, the administratrix with the will annexed, filed a petition praying for an order of sale of certain personal property, being the only property of the estate, and designated, "Assessments and contracts for street work done in said city and county (of San Francisco) by said deceased." And in the petition particularly described there were four contracts set out, upon which there were due the following amounts, to-wit: Upon the first, $12,576.88; upon the second, $590.52; upon the third, $12,887.56; and upon the fourth, $10,077.34. After five days' notice given by posting, the court (by Hon. Jno. F. Finn, Judge) on July 25, 1882, made an order of sale of the property described in the petition aforesaid, and directed that the admininstratrix sell the same "by public auction, and after public notice given for at least two days by publication in the 'Daily Chronicle,' a newspaper published in said city and county (of San Francisco)." A verified return and account of the sale of the property under the aforesaid order was made by the

administratrix and filed August 9, 1882, and showed that all of the property was sold to one C. J. Shipman, for $500. On October 2, 1882, Mr. C. H. Parker, as attorney for certain creditors of the estate, filed written objections to a confirmation of the sale returned, detailing a great many exceptions to the proceedings taken in the premises. Upon the eleventh day of May, 1883, the hearing of the said return coming on "after due continuances and upon due notice," and the court (Finn, Judge) finding that the price obtained was disproportionate to the value of the property, and that upon a resale at least $1,000 would be obtained, made an order that the sale be not confirmed, but that it be set aside, and that the administratrix resell the property under the original order of sale.

Upon August 30, 1883, the administratrix filed a return and account of sales made under the order of resale of May 11, 1883, showing that the property was sold at public auction in several parcels as follows: Lot No. 1, to C. G. Shipman for $100; lot No. 2, to C. G. Shipman, for $10; lot No. 3 to J. C. Fruchey for $3,000; and lot No. 4, to C. G. Shipman for $100. On the fourteenth day of September, 1883, Mr. C. H. Parker, as attorney for certain creditors, objected to the confirmation of the sale of the property sold to Fruchey for $3,000. There were thirteen written exceptions and objections to this sale, detailed at great length, and included all the technical points made in the objections filed by said attorney to the previous sale of the property; but these grounds and technicalities are not stated here, as the only matter considered by the court was the objections taken by the twelfth and thirteenth grounds, viz.: (1) that the amount bid was disproportionate to the value of the property; (2) that a sum exceeding ten per cent, exclusive of expenses of new sale, could be obtained if a new sale were ordered.

On September 21, 1883, C. H. Parker filed a written bid for the property sold Fruchey, of $4,000, and expenses of readvertising, and stipulating to pay $5,000 if the property were sold in a particular manner (that is to say, the property sold was a contract and assessment for grading a certain

block of land; and it was claimed that the property should be so sold as to give each property owner in the block, against whom there was an assessment, an opportunity to bid upon it).

Upon September 25, 1883, J. C. Fruchey, the purchaser aforesaid, made and filed an advance bid of $5,000, and authorized the return of sale to be amended by inserting the said amount in place of the sum of $3,000, bid by him at the auction. On November 23, 1883, the court ordered another resale of the entire four parcels of property in conformity with the opinion of his honor, Judge Coffey, below, and at such resale it appears that the property before sold to Fruchey was sold to Chipman for $6,500.

C. H. Parker, attorney in support of objections.

J. M. Wood, for the administratrix, contra.

COFFEY, J. It is manifest from the offer of Mr. Fruchey's attorney to increase his bid of $3,000 to $5,000, that the price obtained at the sale was greatly disproportionate to the value of the articles sold. I have fully considered all the points made by counsel on both sides, in oral argument and in briefs, and, while conceding the cogency of Mr. Wood's presentation of views, cannot consider it conclusive. I adhere to the view intimated by me at the hearing, as the correct conclusion—the sale cannot be confirmed; and a new sale should take place under circumstances calculated to bring the utmost value of the property.